United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 15-10138-NMG |
| Joseph Solans, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Joseph Solans ("defendant" or "Solans") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. Background

In January, 2021, the defendant admitted to violating the terms of his supervised release. This Court sentenced him to six months in prison, as jointly recommended by the United States and the defendant, in June, 2021.

The defendant's supervised release stemmed from a 2015 conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant previously admitted to violating the terms of his supervised release in

-1-

November, 2019.  Solans is currently incarcerated at the Donald Wyatt Detention Center in Central Falls, Rhode Island ("Wyatt").

Solans moves to replace the remainder of his time with home confinement.  He contends that he suffers from several medical conditions, including cancer, hepatitis C, high blood pressure, obesity, and cardiovascular complications stemming from a Methicillin-Resistant Staphylococcus Aureus (MRSA) infection, that make him especially vulnerable to contracting a severe case of COVID-19, notwithstanding that he has received the Johnson & Johnson vaccine.  The government opposes and urges this Court to deny the defendant's motion.

## II.  **Motion for Compassionate Release**

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction.  § 3582(c)(1)(A)(i).  Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

>of such a request by the warden of the defendant's
>facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

### B. Application

Solans is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has not demonstrated that there are "extraordinary and compelling reasons" that would just a reduction in his sentence.

The defendant suffers from several medical conditions that place him at an increased risk of severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 12, 2021) (listing cancer, high blood pressure, heart conditions, chronic lung disease and obesity as conditions causing increased risk). Solans has not, however, proffered any facts to suggest that his medical conditions substantially diminish his capacity to care for himself or to participate in measures to protect against the transmission of COVID-19. His medical conditions alone do not justify compassionate release. See, e.g., United States v. Germano, 2021 WL 1862202, at *2 (D.

Mass. May 10, 2021) (denying compassionate release despite defendant's increased risk of severe illness due to medical conditions); United States v. Hardy, 470 F. Supp. 3d 61, 63 (D. Mass. 2020) (denying compassionate release for defendant suffering from hypertension, sleep apnea, diabetes and asthma).

Solans also expresses concern that the conditions at Wyatt exacerbate the health risk posed by his medical conditions. Despite the recent news of positive COVID-19 cases among inmates and staff members at the facility, these circumstances are insufficient to warrant Solans' release. See, e.g., United States v. Rosado, 2020 WL 5665557, at *3 (D. Mass. Sept. 23, 2020) (no extraordinary and compelling reason for release from FCI Bennettsville when four inmates and 14 staff members were infected with COVID-19). There is no indication that Wyatt currently poses an unacceptable threat to prisoner safety or that its officials are unable to care adequately for the defendant's health.

Most importantly, Solans has received the COVID-19 vaccine. The FDA has concluded through extensive testing that the Johnson & Johnson vaccine is highly effective in preventing infection and severe disease. Courts have routinely denied defendants' motions for compassionate release when they are found to have received the COVID-19 vaccine. See United States v. Herman,

-4-

2021 WL 3709832, at *2 (D. Mass. Aug. 20, 2021) ("[T]here is no question now that the vaccine has dramatically reduced [the defendant's] risk of contracting COVID-19 or experiencing a severe course of illness if he contracts the virus."); United States v. Clark, 2021 WL 277815, at *2 (S.D. W. Va. Jan 27, 2021) ("[A]n inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been vaccinated against the disease.").  In relation to the efficacy of vaccine against the Delta variant, about which Solans expresses concern, the Johnson & Johnson vaccine remains highly effective.  See Kathy Katella, Comparing the COVID-19 Vaccines: How Are They Different?, Yale Medicine, https://www.yalemedicine.org/news/covid-19-vaccine-comparison (last visited Oct. 12, 2021).

     While the Court remains cognizant of the risks associated with COVID-19, modification to the defendant's sentence would also be inconsistent with the § 3553(a) factors.  See e.g., United States v. Nuzzolilo, 517 F. Supp. 3d 40, 44 (D. Mass. 2021).  While a probation violation was the impetus for the defendant's current sentence, the severity of Solans' underlying offense, his criminal history, the importance of just punishment and the need to protect the public, weighs heavily against defendant's release.  § 3553(a)(1)-(2).

**ORDER**

Accordingly, defendant's motion for compassionate release (Docket No. 152) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 13, 2021